William J. Regan, S.
This is a judicial settlement of accounts of Kevin D. Cox, Public Administrator, in the above estate. The entire estate consists of 36 shares of Niagara Frontier Transit System, plus some small dividends totaling $548.75. There being no known heirs the only citations were issued to the Erie County Department of Social Services and New York State Department of Mental Hygiene, both creditors. There has been requested in this proceeding that the priorities of these claims be considered and that this court include in the final decree hereof the order of payment.
SCPA 1811 states:
“ Payment of debts and funeral expenses.
“1. The reasonable funeral expenses of the decedent subject to the payment of expenses of administration shall be preferred to all debts and claims against his estate and shall be paid out of the first moneys received by his fiduciary.
* ‘ 2. Every fiduciary must proceed with diligence to pay the debts of the decedent according to the following order:
“ (a) Debts entitled to a preference under the laws of the United States and the State of New York.”
A creditor is not preferred merely because the debt is due to the United States or the State of1 New York or a subdivision of the State. In order for the preference the laws of the Government must, by statute, entitle these debts to a preference.
Section 24 (subd. 5, par. [b]) of the Mental Hygiene Law gives a preference to the State’s claim in this matter and section 104 of the Social Services Law gives the Department of Social Services a preference as well in identical language.
In this court’s opinion, both creditors have a preference as stated in the above section and counsel for both creditors concede that payment of their respective claims is on a par with the other and, therefore, this court orders that the respective claims shall be paid on a pro rata basis.