William J. Regan, S.
In this judicial settlement proceeding, the following claims were listed as debts of the estate:
(a) New York State Department of Mental Hygiene, Gowanda Psychiatric Center— room, board and medical services from September 6, 1970 through April 26,
1974 $33,021.52
(b) Connecticut General Life Insurance
Company overpayment of benefits 2,120.00
$35,141.52
There are not sufficient assets in the estate to pay the above claims in full. It appears that the claim of Connecticut General Life Insurance Company arose from an overpayment which was erroneously paid to the decedent while she was receiving Social Security disability benefits from the Federal Government. The amount of this overpayment was being adjusted by setoff during the lifetime of the deceased beneficiary-incompetent, by withholding other benefits as they became due from the committee. The balance of $2,120 was still owed at the time of her death. By reason of services rendered by the Department of Méntal Hygiene, the State of New York claims a preference under SCPA 1811 (subd 2, par [a]). If the State does in fact have a preference by reason of this section, then of course there would be no assets remaining in the estate with which to pay the claim of Connecticut General Life Insurance Company.
The issue that arises, therefore, is whether the claim of the New York State Mental Hygiene Department is entitled to a preference over the claim of Connecticut General. The State of New York contends that the preference given to the State by virtue of SCPA 1811 (subd 2, par [a]) 2(a) includes in its phraseology "the laws of the state of New York”, the common laws of April 19, 1775. Simply stated, the State contends that the State of New York, by virtue of its prerogative right as sovereign, has priority over all others (except the United States of America) for payment of its claims out of the general assets of the estate. (Matter of Gruner, 295 NY 510) The Gruner case had to do with the perfection of a specific lien prior to the enforcement of the claim of the State of New York, and does not seem to be applicable in the instant *478 proceeding. It would appear that the issue raised herein has been succinctly stated by this court in Matter of Rubin (74 Misc 2d 503). It was the position of the court at that time, and such position has not changed, that (p 504) "A creditor is not preferred merely because the debt is due to the United States or the State of New York or a subdivision of the State. In order for the preference the laws of the Government must, by statute, entitle these debts to a preference.”
SCPA 1811 does not give the State of New York a general preference, but merely states that those debts owed by decedent and which are entitled to a preference (that is, a statutory preference) are to be paid first. The contention of the State of New York may well apply in the absence of specific legislation. The State’s prerogative right of preference at common law is apart from statute. In the instant proceeding priorities are determined in the estates of decedents pursuant to SCPA 1811. The priority once given to the Department of Mental Hygiene was governed by section 24 (subd 5, par [b]) of the Mental Hygiene Law and was applicable as a priority because of the wording and interpretation of SCPA 1811. The repeal of section 24 (subd 5, par [b]) of the Mental Hygiene Law does not carry with it the implication as suggested by the State of New York that the statute was never necessary. Rather, it carries with it the implication that the statutory preference once given to the Department of Mental Hygiene under SCPA 1811 is no longer favored by the Legislature. The common-law right of the State to a preference still exists except in those instances where such right is taken away by express statutory provision. The more recent cases cited by the State are not applicable to the instant proceeding. There is nothing to indicate in those cases that a statute comparable to SCPA 1811 is involved. Substantially all of the decisions provided by the State of New York apply to proceedings other than the estates of deceased persons except Matter of Gruner hereinabove cited. It is the considered opinion of this court that the Gruner decision did deal with a statutory priority given to the State under the tax laws of the State of New York and is therefore distinguishable from the case at bar.
In passing, it is puzzling to this court that the claim of Connecticut General was not submitted to the committee of the deceased upon the judicial settlement of her accounts as committee. Certainly it would seem that that would have been the proper time in which to present its claim. In any event, *479 the application of the State of New York to treat the claim of the Department of Mental Hygiene as a preferred claim prior to that of the Connecticut General Life Insurance Company, is hereby denied, it being the decision of this court that the claim of Connecticut General Life Insurance Company against the estate of Helen F. Kielbiewicz be granted equal status with that of the State of New York Mental Hygiene Department.